DANIEL O. BLAU (Cal. Bar No. 305008)
BlauD@sec.gov
DANIEL LIM (Cal. Bar No. 292406)
LimD@sec.gov
JACOB REGENSTREIF (Cal. Bar No. 234734)
RegenstreifJ@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Brent Wilner, Associate Regional Director
Douglas Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 5:23-cv-04958-EKL |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| CHARLES TRALKA, THOMAS BRAEGELMANN, MATTHEW SULLIVAN, JORDAN E. GOODMAN, ROBERT L. BARR, and GOOD STEWARD CAPITAL MANAGEMENT, INC., | |
| Defendants, | |
| And | |
| SECURED REAL ESTATE INCOME FUND I, LLC and SECURED REAL ESTATE INCOME STRATEGIES, LLC, | |
| Relief Defendants. | |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, as well as the Court's Order entered on August 20, 2024, Plaintiff Securities and Exchange Commission ("SEC"), Defendants Charles Tralka, Thomas Braegelmann, Matthew Sullivan, Robert L. Barr, Good Steward Capital Management ("Defendants"), and Relief Defendants Secured Real Estate Income Fund I, LLC ("Income Fund") and Secured Real Estate Income Strategies, LLC ("Income Strategies," together with Income Fund, "Relief Defendants"), jointly submit this initial Joint Case Management Statement.[1]

### 1. Jurisdiction and Service

This Court has jurisdiction over the SEC's claims, brought pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d), and 77v(a) and Sections 21(d), 21(e), and 27 of the Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d), 78u(e), and 78aa.

### 2. Facts

In its complaint filed September 27, 2023 (Dkt. No. 1), the SEC alleged that Defendants Tralka, Braegelmann, Sullivan, Jordan E. Goodman, Good Steward, and Barr violated the federal securities laws by misleading investors regarding a number of material issues related to two real estate investment funds, Income Fund and Income Strategies. The complaint alleges that, from April 2016 through March 2021, Income Fund and Income Strategies raised over $7.3 million from about 147 investors based on a series of false promises.

Chronology of facts alleged in the complaint:

- In April 2016, Income Fund began raising money from investors.
- As of March 2019, Income Fund stopped taking new investor funds or making new investments.
- In the spring and summer of 2017, Tralka, Braegelmann, Sullivan, and Barr

---

[1] Defendant Jordan E. Goodman did not participate in the preparation or filing of this document as explained infra ¶ 4.

decided to start the Income Strategies. Like Income Fund, Income Strategies claimed to invest in a diversified portfolio of real estate loans.

- Income Strategies raised funds pursuant to a $50 million Regulation A offering that was qualified on September 28, 2017.

The complaint alleges that the offering and marketing materials for Income Fund and Income Strategies, which were available to and presented to investors throughout the periods in which those funds were offered, included material misleading statements regarding: (1) the payment of reliable monthly distributions at an 8% annual rate; (2) Tralka and Braegelmann's purported real estate investing experience in excess of fifty years; (3) that SEC-registered investment adviser Good Steward would make the funds' investment decisions, and (4) that Income Strategies would keep investor funds in escrow until meeting its $1 million investment threshold with investments from third parties. The complaint further alleges that Defendants (1) failed to collect interest on loans and instead allowed interest to accrue over the course of years while still selling Income Fund and Income Strategies' securities and making lulling statements to Income Fund investors; (2) allowed Tralka and Braegelmann to make the investment decisions for Income Fund and Income Strategies instead of Good Steward and Barr; and (3) used money from Income Fund and Good Steward to purportedly reach the $1 million threshold for Income Strategies to start investing.

In their Answer filed November 27, 2023, Defendants and Relief Defendants denied the SEC's Complaint allegations, including certain details about the chronology and investment procedures, vehicles and amounts, all allegations about material misleading statements, and all allegations regarding fraudulent and deceptive practices. Defendants and Relief Defendants assert that at all times they were forthright and accurate with all representations and disclosures made to investors, compliant with federal securities laws (including those providing the purported basis for the SEC's complaint), in possession of necessary licenses and qualifications

relevant to their offerings and investments, and lacked any scienter to commit the violations of which they have been accused.

Regarding specific allegations, Defendants submit that:

- Defendants and Relief Defendants did not engage in prohibited advertising.
- Neither Defendants nor Relief Defendants made material misrepresentations or omissions, let alone with the intent to deceive or manipulate or with a reckless disregard for the truth. Any communication with investors was qualified by the language found in the applicable Private Placement Memorandum for Income Fund and the Offering Circular for Income Strategies and the applicable operating and subscription agreements.
- The "Preferred Return" was not guaranteed. Payment of distributions was discretionary, not mandatory, and contingent upon certain circumstances. Defendants also disclosed applicable risks.
- Mr. Braegelmann has over 30 years' experience in real estate investing, commercial construction, land development and private lending (public records show that he bought or sold over 100 residential and commercial properties in Minnesota between 1991 and 2010). Mr. Tralka began investing in various real estate projects more than 20 years ago and since, has bought, held, and sold multiple investment properties, has been an active investor in real estate and participated in real estate investment funds, where he focused on the financial aspects of the business, and has been a managing member of GCA Equity Partners, LLC, a real estate investment group since September 2011.
- Mr. Barr and GSCM provided investment advisory services and participated in the underwriting, due diligence, selection and management of the investments. Mr. Barr participated in the selection of investment opportunities and was primarily responsible for the management and monitoring of each investment.

- Income Strategies had not only over $1,000,000 in investments, but also a diversified pool of investor assets.
- If there were material misstatements, not everyone could be found to have had control over the violator with respect to such matters.
- Defendants and Relief Defendants also dispute the SEC's requested relief. Defendants and Relief Defendants complied with the law and at a minimum acted in good faith, reasonably attempted to comply with the law, and did not act in a manner that would warrant a conduct-based injunction.

### 3. Legal Issues

The legal issues in this case are:

Whether Defendants Tralka, Braegelmann, and Sullivan are liable for violating Sections 5(a), 5(c), and 17(a)(1) and(3) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)] and Section 10(b) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa] and Rules 10b-5(a)-(c) thereunder;

Whether Defendants Good Steward and Barr violated Sections 17(a)(1) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rules 10b-5(a)-(c);

Whether Relief Defendants were unjustly enriched;

Whether any affirmative defenses apply to Defendants or Relief Defendants;

Whether any other legal principle, whether derived from common law or elsewhere, prevents the SEC from obtaining the relief it seeks;

Whether to impose findings of fact and conclusions of law in favor of the SEC or in favor of Defendants and Relief Defendants;

Whether to impose monetary remedies (penalties and/or disgorgement, with prejudgment interest thereon), and the mount of any monetary remedies, against Defendants and Relief Defendants, including Jordan E. Goodman;[2] and

Whether to impose any other relief against Defendants and Relief Defendants,

---

[2] See *infra* ¶ 4.

including injunctive relief.

### 4. Motions

The parties jointly filed a stipulation to modify the current scheduling order on August 22, 2024 (the "Stipulation"). (Dkt. No. 40.) The SEC anticipates that it will move for summary judgment as to liability in this matter following discovery, and reserve the determination of monetary remedies until after liability is established. Defendants and Relief Defendants anticipate that they will move for summary judgment as to liability and availability of relief.

On September 27, 2023, contemporaneously with the filing of the complaint in this matter, the SEC filed the consent to judgment and a proposed judgment as to Defendant Jordan E. Goodman. (Dkt. No. 4.) Pursuant to the terms of the consent and proposed judgment, Goodman consents to the injunctive relief sought by the SEC. Further, the SEC is reviewing the terms of Defendant Goodman's offer of settlement with respect to monetary remedies, which would resolve this matter as to Defendant Goodman in its entirety.

### 5. Amendment of Pleadings

As noted in the Stipulation, because the forthcoming productions of discovery may warrant amendments solely to numerical figure and associated dates cited in the Complaint, the parties would like to set a May 23, 2025, deadline for an amended complaint, so that all parties can review the discovery before any amendments.

### 6. Evidence Preservation

Counsel of record have reviewed the Court's Guidelines Relating to Electronically Stored Information. The SEC has taken measures to preserve all documents it obtained during the investigation preceding the filing of this case. In addition, the SEC has instituted its procedures for preserving other records in the SEC's custody that could be requested, even if they are not likely to become evidence in this case. Defendants and Relief Defendants have reviewed the Court's ESI Guidelines and have undertaken to preserve potentially relevant evidence.

### 7. Disclosures

The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26, which disclosures each party has the right to amend based on additional discovery.

### 8. Discovery

As noted in the Stipulation, the parties have produced discovery and propounded discovery requests. In January 2024, the SEC produced documents, testimony, and exhibits, and in May 2024, the SEC propounded extensive written discovery. Counsel for Defendants and Relief Defendants produced certain records and responses, but expect to produce more on a rolling basis. The parties anticipate taking additional discovery, including depositions, as to the claims and defenses in this matter, anticipate that discovery will unfold as envisioned by the Federal Rules of Civil Procedure, intend to discuss potential protective orders and the applicability of a stipulated e-discovery order as the progression of discovery suggests necessary, and do not propose any limitations or modifications of the discovery rules at this time. The parties have no discovery disputes at this time.

The parties agree that productions will follow the SEC's Data Delivery Standards, attached hereto as Exhibit A.

### 9. Class Actions

Not applicable.

### 10. Related Cases

The parties are not aware of any related cases or proceedings.

### 11. Relief

The complaint seeks: **(1)** Findings of fact and conclusions of law that Defendants committed the alleged violations; **(2)** Permanent injunctions against Defendants Tralka, Braegelmann, and Sullivan prohibiting violations of Sections 5(a), 5(c), and 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; **(3)** Permanent injunctions against Defendant Goodman prohibiting violations of Sections 5(a) and 5(c) of the Securities Act; **(4)** Permanent

injunctions against Defendants Good Steward and Barr prohibiting violations of Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; **(5)** Permanent injunctions against Defendants Tralka, Braegelmann, Sullivan, Goodman, and Barr prohibiting them from, directly or indirectly, including, but not limited to, through any entity owned or controlled by each, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer, provided, however, that such injunction shall not prevent each from purchasing or selling securities for his own personal account; **(6)** Prohibiting Defendants Tralka, Braegelmann, Sullivan, and Barr from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act; **(7)** Disgorgement of all funds Defendants received from their illegal conduct and disgorgement of all ill-gotten gains or unjust enrichment derived from the activities set forth in the Complaint, together with prejudgment interest thereon; and **(8)** Civil penalties against Defendants.

The SEC anticipates that, upon establishing liability, it will seek disgorgement based on the amount raised in the offerings of Income Fund and Income Strategies pursuant to Exchange Act Sections 21(d)(3), 21(d)(5) and 21(d)(7), and civil penalties under Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

Defendants submit that the SEC cannot establish liability in this matter and that Defendants' affirmative defenses preclude liability in this matter. If liability is established, Defendants and Relief Defendants contend that damages should be calculated to match the minimum restrictions necessary to incentivize the Defendants and Relief Defendants not to incur such liability in the future. The establishment of monetary liability should be limited to actual damages incurred by investors and should not include expectation damages or consequential damages (such as those based on speculative opportunity cost estimates).

## 12. Settlement and ADR

The parties engaged in a settlement conference on July 16, 2024 before the Honorable Joseph C. Spero, during which the parties exchanged settlement briefs and discussed the strengths and weaknesses of their respective positions. While progress was made, due to the need for additional discovery, the Judge Spero set a second settlement conference for November 7, 2024, which certain submission deadlines keyed to this date. (Dkt. No. 38.) The parties anticipate that they will be better positioned to engage in meaningful settlement discussions after Defendants and Relief Defendants have completed their rolling production and depositions are taken.

## 13. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. Narrowing of Issues

The parties are not aware at this time of any issues that would be appropriate for narrowing by agreement or motion at this time. The parties do not currently have any requests to bifurcate issues, claims, or defenses. The parties will reconsider in the future, following the completion of rolling discovery and depositions.

## 15. Scheduling

The parties propose the following revised Schedule, as noted in the Stipulation:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Fact discovery cutoff | Friday, October 25, 2024 | Friday, February 7, 2025 |
| Last date for disclosure of topics of any expert reports a party will offer | Friday, September 27, 2024 | Friday, January 10, 2025 |
| Second Settlement Conference | November 7, 2024 | March 2025[3] |
| Initial expert reports and disclosures | Monday, December 9, 2024 | Monday, March 24, 2025 |

---

[3] The exact date will be determined following consultation with the chambers of Magistrate Judge Jospeh C. Spero

JOINT CASE MANAGEMENT STATEMENT            9

| Rebuttal expert reports | Wednesday, January 8, 2025 | Wednesday, April 23, 2025 |
|---|---|---|
| Expert discovery cutoff | Friday February 7, 2025 | Friday, May 23, 2025 |
| Last Date to amend Complaint | N/A | Friday, May 23, 2025 |
| Last day to file dispositive motions | Tuesday, April 8, 2025 | Tuesday, July 22, 2025 |
| Last Day to Hear Dispositive Motions | Thursday, May 22, 2025 | Thursday, September 4, 2025 |
| Final Pretrial Conference | Thursday, August 28, 2025 | Thursday, December 11, 2025 |
| Trial Commencement | Monday, September 29, 2025 | Monday, February 2, 2026 |

### 16. Trial

Jury trial estimated to be nine days.

### 17. Disclosure of Non-party Interested Entities or Persons

Under Local Civil Rule 3-15(a). the SEC is not required to file a certification. Defendants have filed a Certification of Interested Entities or Persons pursuant to Local Civil Rule 3-15(a).

### 18. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Ways to Facilitate Speedy Disposition

The parties agree that service may be made by email to a party's counsel.

### 20. List of Parties, Summary of Claims, and Procedural History[4]

(i) *See* introductory paragraph.

(ii) *See* Sections 2 and 3.

(iii) *See* Sections 2, 4, 8, and 12.

Dated:  September 11, 2024                    Respectfully submitted,

                                              /s/ *Daniel S. Lim*

---

[4] Pursuant to the Standing Order's directive that the CMC "should not exceed ten pages," the parties cite to—rather than repeat—prior sections here.

JOINT CASE MANAGEMENT STATEMENT          10

| | |
|---|---|
| | Daniel O. Blau |
| | Daniel Lim |
| | Jacob Regenstreif |
| | Attorneys for Plaintiff |
| | SECURITIES AND EXCHANGE COMMISSION |
| | |
| Dated: September 11, 2024 | /s/ *Taylor J. Smith* |
| | Matthew R. Lewis |
| | Taylor J. Smith |
| | KUNZLER BEAN & ADAMSON |
| | Attorneys for Defendants Charles Tralka, Thomas Bragelmann, Matthew Sullivan, Robert L. Barr, Good Steward Capital Management, Inc. and Relief Defendants Secured Real Estate Income Fund I, LLC and Secured Real Estate Income Strategies, LLC |

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), all signatories concur in filing this Joint Case Management Statement.

| | |
|---|---|
| Dated: September 11, 2024 | /s/ *Daniel S. Lim* |
| | Daniel S. Lim |

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On September 12, 2024, I caused to be served the document entitled **JOINT CASE MANAGEMENT STATEMENT; EXHIBIT A** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  September 12, 2024        */s/ Daniel Lim*
                                 Daniel Lim

1

*SEC v. Charles Tralka, et al.*
United States District Court—Northern District of California
San Jose Division
Case No. 5:23-cv-04958-EKL

### SERVICE LIST

Jordan E. Goodman
████████████
████ North Carolina 27705
jordan@moneyanswers.com
*Pro Se*

J. Martin Tate
mtate@kba.law
Taylor J. Smith
tsmith@kba.law
Kunzler Bean Adamson, LLP
50 West Broadway, Suite 1000
Salt Lake City, UT 84101
(801) 994-4646

Matthew R. Lewis
mlewis@kba.law
Kunzler Bean Adamson, LLP
4225 Executive Square, Suite 600
La Jolla, CA 92017
(619) 994-365-9110

*Attorneys for Defendants Charles Tralka. Thomas Braegelmann, Matthew Sullivan, Robert L. Barr, and Good Steward Capital Management, Inc., and Relief Defendants Secured Real Estate Income Fund 1, LLC and Secured Real Estate Income Strategies, LLC*